**Vada ARMSTRONG, Ella May Hanes, Suzie Elizabeth Keller, and Tommy Otis Armstrong, Relators,**

v.

**The Honorable Tony Davis LINDSAY, Judge of the 280th District Court, Harris County, Texas, Respondent.**

No. 01–96–01005–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 26, 1996.

Ralph D. Huston, Dallas, for relators.

Jim Ewbank, James E. Byrom, Monte F. James, Austin, Richard A. Schwartz, Tony Lindsay, Houston, for respondent.

Before SCHNEIDER, C.J. and WILSON and HEDGES, JJ.

## OPINION

HEDGES, Justice.

In this original proceeding we are asked to consider the constitutionality of Civil Practice and Remedies Code section 15.002(c), which denies mandamus and appellate relief from a trial court's decision to transfer venue under section 15.002(b).[1] TEX.CIV.PRAC. & REM.CODE ANN. § 15.002 (Vernon Supp.1996). We overrule relators' motion for leave to file a petition for writ of mandamus.

Relators[2] filed suit against the real parties in interest[3] bringing wrongful death and survival causes of action arising out of the death of Otis Armstrong.[4] Relators claim that after Mr. Armstrong was exposed to Amoco's waste products, he received substandard medical treatment from Doctor Nafrawi and Memorial Hospital. Relators filed the suit in

---

1. "A court's ruling or decision to grant or deny a transfer under Subsection (b) is not grounds for appeal or mandamus and is not reversible error." TEX.CIV.PRAC. & REM.CODE ANN. § 15.002(c) (Vernon Supp.1996).

2. The relators are Vada Armstrong, Ella May Hanes, Suzie Elizabeth Keller, and Tommy Otis Armstrong.

3. The real parties in interest are Amoco Production Company; Adel Nafrawi, M.D.; and Memorial Hospital—Seminole.

4. *Armstrong v. Amoco Prod. Co.*, No. 96–001778 (280th Dist.Ct., Harris County, Tex.).

Harris County, pleading permissive venue as to Amoco[5] (Amoco's principal office is in Harris County) and joining the Doctor and the Hospital.[6] After the Hospital (1) informed relators that the Hospital was a governmental entity entitled to receive notice under the Texas Tort Claims Act[7] and (2) denied that the Doctor was the Hospital's agent or employee, relators' counsel told the Doctor and the Hospital that relators planned to nonsuit them once counsel received written permission from the relators. Before relators filed their nonsuit, the Doctor filed a cross-action against the Hospital. The Doctor and the Hospital then filed motions to transfer venue to Grimes County, where the hospital is located, based on the Texas Tort Claims Act. TEX.CIV.PRAC. & REM.CODE ANN. § 101.102(a) (Vernon Supp. 1996). Respondent[8] granted both motions to transfer venue and later denied relators' motion to reconsider.

Although relators contend that the respondent abused her discretion in granting the motions to transfer venue and in denying their motion to reconsider, they initially challenge the constitutionality of Civil Practice and Remedies Code section 15.002(c), which denies mandamus and appellate relief from a trial court's decision to transfer venue under section 15.002(b). We do not reach relators' constitutional challenge because we hold they have an adequate remedy by appeal to challenge the statute.

■ Mandamus relief is an extraordinary remedy "available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). Mandamus is appropriate "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). Generally, increased cost and delay alone do not make an ordinary appeal an inadequate remedy.

*Walker*, 827 S.W.2d at 842. In addition, appellate courts have not historically reviewed venue decisions by mandamus proceedings. *Polaris Inv. Management Corp. v. Abascal*, 892 S.W.2d 860, 862 (Tex.1995).

We see nothing in section 15.002(c) that would prevent relators from challenging the statute's constitutionality on appeal. The fact of increased cost and delay alone do not make an ordinary appeal an inadequate remedy except in limited circumstances not present here. *Walker*, 827 S.W.2d at 842; *see, e.g., Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 307 (Tex.1994) (holding mandamus does not lie from the denial of special appearance).

The relators' motion for leave to file a petition for writ of mandamus is **overruled.**

It is so **ordered.**

---

5. TEX.CIV.PRAC. & REM.CODE ANN. § 15.002 (Vernon Supp.1996).

6. TEX.CIV.PRAC. & REM.CODE ANN. § 15.005 (Vernon Supp.1996).

7. TEX.CIV.PRAC. & REM.CODE ANN. § 101.101 (Vernon 1986); *see* TEX. HEALTH & SAFETY CODE ANN.

§ 263.021 (Vernon 1992) (establishing county hospitals).

8. The respondent is the Honorable Tony Davis Lindsay, Judge of the 280th District Court, Harris County, Texas.